Filed 3/7/24  P. v. Gaeta CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRYAN THOMAS GAETA,<br><br>Defendant and Appellant. | B330235<br><br>(Los Angeles County<br>Super. Ct. No. KA058056) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

In April 2003, a jury found Bryan Thomas Gaeta guilty of burglary (Pen. Code,[1] § 459) and found true the special allegation that the victim was present inside the residence at the time of Gaeta's entry, rendering the offense a violent felony under section 667.5, subdivision (c). The trial court heard and denied Gaeta's motion to dismiss a prior strike conviction under *People v. Romero* (1996) 13 Cal.4th 497 and to sentence him as a second strike offender pursuant to the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)). The court sentenced him to 35 years to life: 25 years to life for the third strike, plus 10 years for two prior serious felony enhancements under section 667, subdivision (a)(1) (five years each).

On March 1, 2022, the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the superior court, recommending the court recall Gaeta's sentence pursuant to former section 1170.03, subdivision (a)(1) (since renumbered § 1172.1)[2] and consider whether to exercise its discretion to dismiss the section 667, subdivision (a)(1) prior serious felony enhancements. The court did not have such discretion in 2003 when Gaeta was originally sentenced in this case.

Defense counsel filed a memorandum in support of resentencing, asking the trial court to dismiss the two prior

---

[1] Undesignated statutory references are to the Penal Code.

[2] Effective June 30, 2022, section 1170.03 was renumbered section 1172.1, with no change in text. (*People v. Braggs* (2022) 85 Cal.App.5th 809, 818.) "Section 1172.1 continues to provide that a trial court may recall and resentence a defendant at any time upon the recommendation of the Secretary [of CDCR] or other specific public official." (*Ibid.*; § 1172.1, subd. (a)(1).)

2

serious felony enhancements in accordance with CDCR's recommendation. Counsel also requested the court dismiss a prior strike and impose a maximum second strike sentence of 12 years, resulting in Gaeta's release from prison. Counsel asserted, "Gaeta does not pose an unreasonable risk to public safety if released," considering his age (then 57 years old), his prison record of reform and accomplishments, as well as his "solid support network" and his "strong re-entry plan," among other factors.

At a hearing on April 20, 2023, the deputy district attorney informed the trial court that the prosecution joined in CDCR's recommendation that the court dismiss the two prior serious felony enhancements, but opposed Gaeta's additional request that the court dismiss a prior strike and sentence him as a second strike offender. The prosecutor referenced Gaeta's criminal history and his history of substance abuse.

After hearing additional argument from defense counsel, the trial court denied Gaeta's motion to dismiss one of the prior strikes, citing Gaeta's criminal history and a March 11, 2019 prison rules violation which the court found indicated Gaeta was "still involved in the criminal mindset." According to defense counsel, that rules violation arose from an incident where Gaeta stood in front of his cell, blocking a guard's view of his cellmate, who was apparently using a controlled substance.

The trial court struck the two section 667, subdivision (a)(1) prior serious felony enhancements (reducing Gaeta's original sentence by 10 years), and resentenced Gaeta to 25 years to life. On April 21, 2023, the court issued a new abstract of judgment.

Gaeta filed a timely appeal, indicating in the notice of appeal that he was challenging the trial court's denial of his

motion to dismiss a prior strike conviction.  We appointed counsel to represent Gaeta in this appeal.  After examination of the record, counsel filed an opening brief, raising no issues and asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  On January 10, 2024, we sent a letter to Gaeta and his appointed counsel, informing Gaeta that his counsel had filed a *Wende* brief, advising Gaeta that within 30 days he could personally submit any contentions or issues he wanted us to consider, and directing counsel to send the record and opening brief to Gaeta immediately.  Gaeta has not filed a supplemental brief.

The *Wende* procedures, including the court's independent review of the appellate record, do not apply to an appeal from the denial of postconviction relief.  (*People v. Delgadillo* (2022) 14 Cal.5th 216, 222 (*Delgadillo*).)  Rather, "[w]hen appointed counsel finds no arguable issues to be pursued on appeal:  (1) counsel should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and (2) the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief *and that if no letter or brief is filed within 30 days, the court may dismiss the matter*."  (*Id.* at pp. 231-232, emphasis added.)

Here, neither Gaeta's appointed appellate counsel nor this court informed Gaeta that the failure to file a supplemental brief might be deemed an abandonment of his appeal and result in the dismissal of the appeal.  Instead, counsel's opening brief and this court's letter to Gaeta both cited *Wende*.  The same situation presented itself in *Delgadillo*, an appeal from the denial of postconviction relief under section 1172.6, and the Supreme

4

Court concluded that the appellant "reasonably could have concluded from this [letter] that the *Wende* procedures would apply and that the Court of Appeal would conduct an independent review of the record, even absent a supplemental brief." (*Delgadillo*, *supra*, 14 Cal.5th at p. 233.) Thus, although *Wende* procedures are not required in an appeal from the denial of postconviction relief, the Supreme Court in *Delgadillo* nevertheless conducted an independent review of the appellate record. (*Ibid*.) We, too, have conducted an independent review of the record before us for the same reasons.

We have examined the entire record and are satisfied that Gaeta's counsel has complied with his responsibilities and there are no arguable issues to be briefed. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *Wende*, *supra*, 25 Cal.3d at p. 441.)

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

BENDIX, Acting P. J.

WEINGART, J.

5